IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CIVIL ACTION NO. 2:04cv707-MHT |
| | ) | [WO] |
| JAPONICA SHRELL BIBB | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on federal inmate Japonica Shrell Bibb ("Bibb")'s *motion to vacate, set aside, or correct her sentence* pursuant to 28 U.S.C. § 2255. After careful consideration of the § 2255 motion, the supporting and opposing submissions, and the record in this case, the court concludes that an evidentiary hearing is unnecessary and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the motion should be denied.

**I. INTRODUCTION AND PROCEDURAL HISTORY**

In this court, on March 5, 2003, pursuant to plea agreement, Bibb pleaded guilty to conspiracy to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1 of the indictment), and conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(h) (Count 2). On July 25, 2004, the district court sentenced Bibb to 36 months' imprisonment on each count, the sentences to run concurrently. Bibb did not appeal.

On July 19, 2004, Bibb filed this motion under 18 U.S.C. § 2255.[1] She later amended her motion. In her motion, as amended, Bibb asserts the following claims:

1. She received ineffective assistance of counsel in connection with her guilty plea.

2. The district court erred in applying a two-level enhancement of her offense level under U.S.S.G. § 2D1.1(b)(1) based on possession of a firearm in connection with the drug offense.

The government has responded to Bibb's motion, as amended, asserting that her claims entitle her to no relief. Bibb was afforded an opportunity to respond to the government's submissions and has done so.

## II. DISCUSSION

A.  **Ineffective Assistance of Counsel**

   *1.  Standard of Review*

The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial. To prevail on a claim of ineffective assistance of counsel, a movant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a movant to establish that counsel performed outside the wide range of reasonable professional assistance and

---

[1] Although Bibbs's § 2255 motion was date-stamped "received" in this court on July 23, 2004, under the "mailbox rule," the court deems her motion filed on the date she delivered it to prison authorities for mailing, presumptively, July 19, 2004, the day that she signed it. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

2

made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id*. at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of his counsel prejudiced the defense. *Id*. at 687.

To succeed on a claim of ineffective assistance, a movant must first establish that his attorney's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id*. In other words, criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. *Roe v. Flores-Ortega*, 528 U.S. 470, 476 (2000) (quoting *Strickland*, 466 U.S. at 687).

There is a strong presumption that counsel's performance was reasonable and adequate, and great deference is shown to choices dictated by reasonable trial strategy. *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994); *see Strickland*, 466 U.S. at 689. Review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel, based on facts "as they were known to counsel *at the time of the representation*." *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992) (emphasis in original); *see Strickland*, 466 U.S. at 690.

The prejudice component of the *Strickland* test focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *See Strickland*, 466 U.S. at 687. Unreliability or unfairness is not established if counsel's assistance did not deprive the defendant of any constitutionally protected right. *Williams v.*

*Taylor*, 529 U.S. 362, 393 n.17 (2000).  To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Strickland*, 466 U.S. at 694.  A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

Unless a movant satisfies both prongs of the *Strickland* inquiry, relief should be denied.  *Strickland*, 466 U.S. at 687.  Accordingly, a court need not "address both components of the inquiry if the [movant] makes an insufficient showing on one." *Id*. at 697.

### 2. *Counsel Rendered Ineffective Assistance in Connection with the Guilty Plea*

Bibb contends that she received ineffective assistance of counsel from Russell Duraski, the attorney who represented her in connection with her guilty plea. *See Amended § 2255 Motion* (Doc. # 5) at 1.  However, she fails to set forth specific facts in support of this claim, other than to allege that Duraski "didn't explain to me pretty much of anything.  I didn't know my rights.  But I do know now that I [should have] been at a level-15 Category I." *Id*.

Bibb's lack of specificity, particularly her failure to explain how she was prejudiced by counsel's performance, precludes the possibility of her receiving any relief based on this claim.  *See Gilreath v. Head*, 234 F.3d 547, 551 (11th Cir. 2000) ("[P]etitioners must affirmatively prove prejudice because '[a]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial.") (alteration

4

in original) (quoting *Strickland v. Washington*, 466 U.S. 668, 693 (1984)); *see also Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998) ("[I]f a defendant cannot satisfy the prejudice prong [of an ineffective assistance of counsel claim], the court need not address the performance prong.").

Moreover, Bibb's conclusory allegation is not supported by the record before this court. Pursuant to the orders of this court, Bibb's counsel, Duraski, filed an affidavit in which he addressed Bibb's claim concerning his representation of her. *See "Affidavit of Russell T. Duraski"* (Document # 7). In pertinent part, Duraski states:

> 5. During the time that I represented Ms. Bibb I very carefully explained the nature of the charges against her, the range of punishment applicable to her case and the function of the Federal Sentencing Guidelines in determining her sentence. Since Ms. Bibb does not specify allegations in the documents provided to me, I can only respond in general to her complaint.
>
> [. . . .]
>
> 7. As to her allegation that I "didn't explain to (her) pretty much of anything," I must deny that assertion. As stated above I carefully explained the case to her. I shared with her all of the discovery that I received in the case and explained, to her, her options.
>
> 8. I told Ms. Bibb the decision to plead guilty or go to trial was hers. I told her my opinions of the case against her but told her that I could not make that decision for her.
>
> 9. Ms. Bibb chose to make a proffer statement and to plead guilty. I believed that we had a very open line of communication up until that point.

*"Affidavit of Russell T. Duraski"* (Document # 7) at 2-3.

5

During the guilty plea colloquy in this case, Bibb expressly affirmed to the magistrate judge that she had received a copy of the indictment and had discussed it with Duraski. *See "Change of Plea Hearing"* (Doc. # 3 - Gov. Exh. 3) at 8. Bibb then informed the magistrate judge that she was fully satisfied with the representation and advice she had received from Duraski.[2] *Id*. The magistrate judge verified that Bibb had read the plea agreement, reviewed it with Duraski before signing it, and understood its terms.[3] *Id*. at 8-9. Bibb then affirmed to the court that the contents of the plea agreement were consistent with her understanding of what the government would do in her case and the consequences of her plea. *Id*. at 12-13. Bibb also informed the court that Duraski had discussed the specific application of the sentencing guidelines to her case and that she understood how the guidelines would be applied to her sentence. *Id*. at 17-18. In addition, Bibb stated that she understood that the actual guidelines that would apply to her sentence could not be determined until the probation office completed a presentence report and that her counsel had used his best

---

[2]Bibb also stated in the written plea agreement that she was satisfied with Duraski's representation. *See "Plea Agreement"* (Doc. # 3 - Gov. Ex. 1) at 10.

[3]The plea agreement provided, in pertinent part, that in exchange for Bibb's pleading guilty to Counts 1 and 2 of the indictment, the United States would (1) recommend that Bibb receive a three-point reduction in her offense level for acceptance of responsibility; (2) file a motion for downward departure based on Bibb's substantial assistance in the investigation or prosecution of others; and (3) recommend a sentence of 46 months' imprisonment. *See "Plea Agreement"* (Document # 3 - Gov. Ex. 1) at 3. In addition, the agreement provided that Bibb waived her rights to appeal or collaterally attack her conviction and sentence except for prosecutorial conduct or ineffective assistance of counsel. *Id.* at 5. At sentencing, the district court granted the government's motion for downward departure and sentenced Bibb to 36 months' imprisonment, notwithstanding the government's recommendation of a 46-month sentence. *See "Sentence Hearing"* (Doc. # 3 - Gov. Ex. 3) at 10.

judgment based on the information available to him before preparation of the presentence report. *Id*. at 18. The magistrate judge found that Bibb was competent and capable of entering an informed plea, that she was aware of the nature of the charges and the consequences of her plea, and that her plea was knowing and voluntary and supported by an independent basis in fact containing each of the essential elements of the offense. *Id*. at 37.

In light of attorney Duraski's affidavit and Bibb's express acknowledgments during the plea colloquy that she was satisfied with Duraski's representation and that she understood the consequences of her plea, this court finds that the record refutes Bibb's conclusory assertion that she did not understand her rights as a result of Duraski's failure to explain "pretty much of anything" to her. Accordingly, Bibb has failed to support this allegation of ineffective assistance of counsel, and she is not entitled to any relief based on this claim.[4]

**B.    Application of Two-level Enhancement Based on Possession of a Firearm in Connection with the Drug Offense**

Bibb contends that the district court erred in applying a two-level enhancement of her offense level under U.S.S.G. § 2D1.1(b)(1) based on possession of a firearm in connection with the drug offense.[5] *See § 2255 Motion* (Doc. # 1) at 4.

---

[4]Bibb was represented by a different attorney, Ben Bruner, at her sentencing proceedings. In a pleading filed with this court, she emphasizes that she makes no allegation that Bruner rendered her ineffective assistance. *See Reply to Government's Response to Amended § 2255 Motion* (Doc. # 11) at 1.

[5]Pursuant to U.S.S.G. 2D1.1(b)(1), the offense level is increased by two levels if a dangerous weapon (including a firearm) was possessed in connection with the drug offense.

The government argues that this claim is barred from review pursuant to the waiver provision in the plea agreement under which Bibb waived her rights to appeal or collaterally attack her conviction and sentence except for prosecutorial conduct or ineffective assistance of counsel.  *See Government's Response to § 2255 Motion* (Doc. # 3) at 3; *see also "Plea Agreement"* (Document # 3 - Gov. Exh. 1) at 5.

An appeal or collateral-attack waiver is valid if a defendant enters into it knowingly and voluntarily.  *See Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350-5 (11th Cir. 1993).  In this circuit, such waivers have been enforced consistently according to their terms.  *See United States v. Bascomb*, ___ F.3d ___, 2006 WL 1629154 (11th Cir. June 14, 2006) (collecting cases).  There is no indication in the pleadings or other record before this court that Bibb's waiver was anything but voluntary and knowing as expressly stated in the written plea agreement.  Moreover, at the guilty plea colloquy, the magistrate judge reviewed the waiver provision in the plea agreement with Bibb, apprising her that she was waiving her right to appeal or attack her conviction and sentence, except for prosecutorial conduct or ineffective assistance of counsel, and Bibb indicated her understanding of the provision.  *See "Change of Plea Hearing"* (Doc. # 3 - Gov. Exh. 3) at 19.

Here, at the plea colloquy, the magistrate judge specifically questioned Bibb concerning the waiver provision in the plea agreement, and Bibb indicated that she understood the provision.  The plain language of the plea agreement informed Bibb that she

was waiving her rights to appeal or collaterally attack her conviction and sentence except for prosecutorial misconduct or ineffective assistance of counsel. Therefore, this court concludes that Bibb's claim that the district court erred in applying the two-level enhancement under U.S.S.G. § 2D1.1(b)(1) is barred from review.[6]

Moreover, even if this court were to address the merits of Bibb's claim, Bibb would not be entitled to any relief. The record reflects that Bibb's residence was used for storing marijuana and cash proceeds used in the drug conspiracy and that at the time of Bibb's arrest, drug enforcement agents seized a loaded semiautomatic pistol from a closet in her bedroom. *See "Change of Plea Hearing"* (Doc. # 3 - Gov. Exh. 3) at 31-34; *Presentence Investigation Report* at 7 (¶ 18), 8 (¶¶ 22-23), & 10 (¶ 29). Pursuant to U.S.S.G. § 2D1.1, comment. (n.3), the two-level enhancement for weapon possession "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." Other than summarily asserting that a codefendant "took ownership of the weapon," Bibb makes no argument as to why the weapon enhancement was wrongly applied to her sentence. *See Amended § 2255 Motion* (Doc. # 5) at 1. Because she has not established that it was clearly improbable that the loaded semiautomatic pistol seized from her residence at the time of her arrest was connected with the drug offense, Bibb fails to show that she is entitled to

---

[6]The government also argues that this claim is procedurally barred because it was not raised at trial or on direct appeal. *See Government's Response to § 2255 Motion* (Doc. # 3) at 4. Bibb makes no attempt to demonstrate "cause" for her failure to raise this claim at trial or on appeal. For this reason, the court agrees with the government's contention that the claim is procedurally defaulted on this ground as well. *See Bousely v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 166 (1982); *Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994).

9

any relief based on this claim.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Bibb be denied, as the claims therein entitle her to no relief.

It is further **ORDERED** that the parties shall file any objections to this Recommendation **on or before August 3, 2006.**  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc).

Done this 17th day of July, 2006.

                        **/s/ Delores R. Boyd**
                        DELORES R. BOYD
                        UNITED STATES MAGISTRATE JUDGE